UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CR 05-112 S |
| | : | |
| MAURO DE OLIVEIRA-CARDOSO | : | |

**REPORT AND RECOMMENDATION**

David L. Martin, United States Magistrate Judge

This matter has been referred to me pursuant to 28 U.S.C. § 636(b)(1)(B) and 18 U.S.C. § 3401(i) for proposed findings of fact concerning whether Defendant Mauro De Oliveira-Cardoso ("Defendant") is in violation of the conditions of his probation and, if so, for a recommended disposition. In compliance with that directive and in accordance with 18 U.S.C. § 3565(a) and Fed. R. Crim. P. 32.1, a hearing was conducted on December 20, 2005. At that hearing, Defendant, both personally and through counsel, waived a violation hearing and admitted that he had violated the terms and conditions of his probation. Based on his admission, I find that Defendant has violated probation. For the reasons stated herein, I recommend that Defendant's probation be revoked and that he be sentenced to a term of imprisonment of four (4) months.

**Background**

On April 5, 2005, Defendant pled guilty in the Southern District of Texas to unlawful entry and attempting to enter the United States at a place other than as designated by immigration officers, a Class B misdemeanor, in violation of 8 United States Code ("U.S.C.") § 1325(a)(1). He was sentenced to three (3) years of unsupervised probation with the special condition that he not return or attempt to return to the United States illegally. Defendant was also ordered to pay a $10 special assessment. The term of probation expires on April 4, 2008.

## The Violation

The Probation Violation Report dated December 14, 2005 (the "Report"), filed in connection with this matter alleges that Defendant has violated the following condition of probation in the manner indicated:

**Standard Condition: While on probation, Defendant shall not commit another federal, state, or local crime.**

On July 25, 2005, Defendant was arrested by the Middletown Police in Middletown, Rhode Island, for driving without a license. Because Defendant was in the United States unlawfully, he was turned over to federal authorities in Rhode Island for prosecution. On November 17, 2005, Defendant pled guilty in U.S. District Court, Rhode Island, to the offense of illegal reentry after deportation in violation of 8 U.S.C. § 1326(a) and (b)(2).

## Travel

On or about August 2, 2005, U.S. Probation Officer Francisco X. Castillo of the Southern District of Texas filed a Petition for Warrant or Summons for Offender under Supervision (the "Petition"), alleging that Defendant had violated a standard condition of probation. The basis for the Petition was Defendant's July 25, 2005, arrest by the Middletown Police. On August 10, 2005, United States Magistrate Judge Marcel C. Notzon of the U.S. District Court for the Southern District of Texas ordered the issuance of a warrant for Defendant to appear to answer to the Petition.

Jurisdiction over Defendant was transferred to Rhode Island on October 5, 2005. The previously issued warrant was executed, and Defendant appeared before this Magistrate Judge on December 20, 2005, to answer to the Petition. At that time, Defendant was informed of the grounds for the alleged violation. After being so advised, Defendant waived a violation hearing and admitted to violating the condition of his probation. This admission satisfied the court that there was an adequate basis

for finding that Defendant had violated a condition of supervision that he not commit another crime. Following Defendant's admission, the court received sentencing recommendations from both the government and the defense and took the matter under advisement.

## Law

### Statutory Provisions

According to § 3565(a)(1) and (2) of Title 18 of the U.S.C., if a defendant violates a condition of probation at any time prior to the expiration or termination of the term of probation, the court may, after a hearing pursuant to Fed. R. Crim. P. Rule 32.1, and after considering the factors set forth in § 3553(a)[1]

---

[1] The § 3553(a) factors to be considered in imposing a sentence are:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed—
....

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and
(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
....

(4) the kinds of sentence and the sentencing range established for—

(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—

(i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

(ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or

to the extent that they are applicable, continue probation, with or without extending the term or modifying or enlarging the conditions, or revoke the sentence of probation and resentence the defendant under subchapter A. The court may sentence a defendant up to the statutory maximum for the original offense which in this case is imprisonment for six months. However, the court must consider the policy statements detailed in Chapter 7 of the sentencing guidelines.

**Sentencing Guidelines**

Since Defendant is on unsupervised probation for a Class B misdemeanor, the United States Sentencing Guidelines ("U.S.S.G.")

---

(B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);

(5) any pertinent policy statement—

(A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

(B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C.A. § 3553(a) (2005).

did not apply to the original sentence, and they do not apply to the revocation of probation.[2] <u>See</u> U.S.S.G. §1B1.9.

**Discussion**

The government recommended that Defendant be sentenced to four (4) months incarceration for the present violation. In making this recommendation, AUSA Gerard Sullivan noted that by reentering the United States illegally Defendant violated the terms of probation as well as committed a new criminal offense.

Defense counsel Edward Roy argued that while Defendant did reenter the United States, he did so to work and support his family in Brazil. Mr. Roy asked the court to impose a sentence at the low end of the guideline range.

Defendant spoke on his own behalf. He noted that he had been in jail for five months already and that he understood that he had committed a crime. However, he wanted to make the court aware that he has two children who are sick in Brazil and that he wants to return to them as soon as possible.

After receiving this information, the court stated that it would adopt the government's recommendation of four months in prison. While Defendant's desire to return to Brazil is understandable, some punishment is warranted before he is deported. Defendant was sentenced to three years probation with the special condition that he not illegally reenter the United States. Yet, within a few weeks of being deported he committed that very offense.

**Conclusion**

After considering the factors set forth in 18 U.S.C. § 3553(a) and for the reasons expressed above, I recommend that Defendant's probation be revoked and that he be sentenced to a

---

[2] Even though the U.S.S.G. are not applicable, if they were applied to this violation, the applicable range would be four - ten months because this is a Grade B violation and a Criminal History Category I would have applied at the original sentencing. <u>See</u> U.S.S.G. §7B1.1.

term of imprisonment of four (4) months.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten (10) days of its receipt. See Fed. R. Civ. P. 72(b); D.R.I. Local R. 32. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district court and of the right to appeal the district court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

David L Martin

DAVID L. MARTIN
United States Magistrate Judge
December 21, 2005